```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

---------------------------------
                                        **JURY TRIAL DEMANDED**
WEEDS, INC.,
              Plaintiff,
                                        CIVIL ACTION NUMBER:
     v.

INNOVATION HQ, INC.,

              Defendant.
---------------------------------

**COMPLAINT**

Plaintiff, for its Complaint, hereby avers that the online Internet infrastructure is based upon a public license and trust in registrars, and their transparent, fair and neutral administration of domain names; however, the Defendant in this action is using the system contrary to the premise of public license, for self-profit and in such a manner as to interfere with the intellectual property rights and operations of Plaintiff; to wit:

**THE PARTIES**

1.   Plaintiff, WEEDS, INC., has been doing business using the "WEEDS" brand since 1966, owning a United States Trademark Registration for "WEEDS" U.S. Reg. No. 3,308,883, declared incontestable long ago on November 2, 2012, and with a place of business at 1010 Franklin Drive, Suite 3, Smock, Fayette County, Pennsylvania, 15480, USA.

2.   Although discovery is continuing:

      **a.**    Regarding **weeds.com** (the "**Domain Name**"):

      i.    "**GoDaddy.com, LLC**" ("**GoDaddy**") is the registrar for "weeds.com". See Exhibit 1. GoDaddy has an address of operations at 14455 N Hayden Road, Scottsdale, AZ 85260.

      ii.    As of July 6, 2017, GoDaddy's official registrar WHOIS database information for weeds.com indicated that Defendant "**Domains By Proxy, LLC**" was registrant owner organization of "weeds.com". See Exhibit 1.

      iii.    "**Domains by Proxy, LLC**" uses the "**domainsByProxy.com**" domain for the administration of ownership of "weeds.com". See Exhibit 1.

      iv.    "**DomainsByProxy.com**" is owned by "**Go Daddy Operating Company, LLC**". Go Daddy Operating Company, LLC has an address at 14455 N Hayden Road, Scottsdale, AZ 85260. See Exhibit 2.

      v.    Go Daddy Operating Company, LLC has the same address as Domains By Proxy, LLC.

      vi.    After Plaintiff initiated a domain name dispute regarding "weeds.com" with the World Intellectual Property Association ("**WIPO**") shortly after July 6, 2017, the registration information was unilaterally updated by GoDaddy, as licensed registrar, such that registration information for "weeds.com" was intentionally changed to indicate that Innovation HQ, Inc. as the registrant owner organization of "weeds.com", rather than GoDaddy's Domains By Proxy, LLC. See Exhibit 3.

      vii.    Innovation HQ, Inc. ("**Innovation**") is an "offshore" company located at PO Box 990 Lower Factory Road, St. Johns. Exhibit 3.

2

3. Registrars are responsible, under a license from ICANN, to administer to conduct the administration of domain name registration in a transparent, fair and neutral manner, and not in a commercially disruptive manner. Moreover, ICANN requires that WHOIS data information be accurate.

**NATURE OF ACTION**

4. Plaintiff does business using the trademark "**WEEDS**" (the "**Mark**"), and, subject to the claims as set forth herein, this is an action generally for trademark infringement, dilution of trademark rights, unfair competition, and domain name cybersquatting.

5. Plaintiff has a United States Trademark Registration for "WEEDS," U.S. Reg. No. 3,308,883, declared "incontestable" on November 2, 2012. See Exhibit 4.

6. Defendant has no bona fide or legitimate interests in the Domain Name and is using the Mark without authority or permission in violation of Plaintiff's legal rights at common law and/or as granted by statute.

**JURISDICTION**

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338(a) and (b), federal questions involving infringement of a mark, joined with claims for unfair competition. Pendant jurisdiction over other claims arising from the same nucleus of operative facts lies in consideration of judicial economy, convenience, and fairness to litigants.

8. Defendant has purposefully availed itself of the jurisdiction of this venue, within the United States and this Commonwealth, by the direct and continued advertisement of "weeds.com" into these United States and this Commonwealth of Pennsylvania, and the injury is occurring this Commonwealth.

## JURISDICTION AND VENUE

9. The venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## STATEMENT OF FACTS

10. Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

11. Plaintiff registered the Mark has been doing business using the "WEEDS" brand since 1966.

12. Plaintiff owns a United States Trademark Registration for "WEEDS" U.S. Reg. No. 3,308,883, declared incontestable on November 2, 2012. See Exhibit 4.

13. Plaintiff has the exclusive right, title and interest in and to the Mark for which the registration carry a statutory presumption of exclusive ownership.

14. Plaintiff's Mark is distinctive and has satisfied the requirements for statutory incontestability. See Exhibit 4.

15. Plaintiff has used and contributed significant time, money and effort to establishing business and good will associated with the Mark, and materials used and sold in conjunction with the Mark.

16. Registrar GoDaddy is a fiduciary, acting as registrar, and by way of license as a registrar, is part of a "stakeholder" system of governance; indeed, ICANN's public mission statement states the following:

> ICANN is a not-for-profit public-benefit corporation with participants from all over the world dedicated to keeping the Internet secure, stable and interoperable. It promotes competition and develops policy on the Internet's unique identifiers. Through its coordination role of the Internet's naming system, it does have an important impact on the expansion and evolution of the Internet.

17. The Defendant does not have any legitimate business interest in the Domain Name.

18. As a result of the exact proximity and similarity of the names, and if not made more clear by the conscious concealment of Defendant's situs, it is believed and averred that:

   a. Defendant purposefully, intentionally and willfully used the Mark or a formative thereof knowing that Defendant's term continues to create or is likely to create an association and confusion in the marketplace, and causes significant dilution to the value of the Mark.

   b. By said activity, Defendant has intentionally, recklessly and wantonly engaged in a course of conduct that has damaged Plaintiff.

   c. Defendant's infringement of the Mark is likely to cause or is causing damage to Plaintiff.

   d. Defendant has used the Mark or a formative thereof that is, consists of, or comprises, a mark which so resembles the Mark and not abandoned, as to be likely, when used on or in connection with the goods or services identified with the Mark to cause confusion, mistake, deceive, lessen the ability of Plaintiff to distinguish itself in the marketplace, cause confusion, mistake and/or an untrue sponsorship, affiliation or association, and/or otherwise be in violation of law. Exhibit 6.

19.    Based upon information and belief, each board member or other manager or trustee who is natural person, participated in, coordinated, authorized and approved the scheme to infringe upon Plaintiff's rights. Each such person had actual and constructive knowledge of the rights of Plaintiff, but proceeded for the wrongful purposes averred in this Complaint.  Furthermore, each such person has, notwithstanding filing this action, continued their participation in the ongoing acts of infringement, unfair competition, dilution of Plaintiff's Mark and reputation as well as otherwise averred herein.

20.    Defendant's actions infringe upon Plaintiff's common law rights as well as rights pursuant to the Lanham Act, including, but not limited to, Section 43(a) thereof.

21.    Plaintiff believes that the Defendant's ostensible omission of commercial contact information clearly evidences that Defendant, and each of the human actors causing Defendant's illegal actions, do not desire to place themselves in a position to be found in order to thwart and to contradict proper legal process, whether resulting from trademark infringement, unfair competition, and investigation.

22.    By ostensible omission, there is no human being identified as a <u>Registrant Contact</u>, and there is no human being identified as an <u>Administrative Contact</u> for the Domain Name, and there is no human being identified as a <u>Technical Contact</u>, in violation of the ICANN requirements. Indeed, no human beings who will take responsibility for the continually renewed registration in bad faith, using private registrations, corporations, and jurisdictions off-shore from the United States, notwithstanding that the Defendant is systematically and purposefully availing itself of business opportunities, advertising and sales in the United States.

6

23.    Defendant purposefully solicits business transactions in the United States, and the advertisements for the extortive brokering sales of the United States. See Exhibit 5.

24.    It is asserted that the Registrar operates within a public license of operations, a socially transparent duty, and as a public fiduciary for the fair administration of Domain Name for which they are socially entrusted.

25.    Defendant is acting in a concerted manner that clearly violates the Lanham Act, and more particularly the Anticybersquatting Consumer Protection Act (**"ACPA"**), 15 U.S.C. § 1125(d).

26.    The Defendant is offering the identical and confusingly similar Domain Name for sale, and without any legitimate or bona fide use with such similarity of bad faith usage under the Rules (and illegal usage under ACPA).

27.    The Domain Name is identical or confusingly similar to a trademark or service mark in which the Plaintiff has rights;

   a.    Plaintiff has been using "WEEDS" at common law for more than 50 years ago, and owns United States Registration No. 3,308,883 "WEEDS", declared "incontestable" and duly renewed and valid subsisting;

   b.    The Domain Name at issue is weeds.com. The Domain Name is identical to the name of the trademarks and service marks of the Plaintiff;

   c.    The Defendant has no rights or legitimate interests in respect of the Domain Name;

   d.    It is believed and therefore averred that the Defendant's action violates not only the Uniform Domain Name Dispute Resolution Policy, but also including, but not limited to, the United States Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).  Indeed,

the Defendant is offering the Domain Name for sale, and without any bona fide use;

    e. Among other things otherwise set forth in this Complaint, the Domain Name clearly and convincingly have been acquired for no other purpose but unlawful brokering, sale and/or auction, for exorbitant prices, in an extortive manner;

    f. The indexing creates initial interest confusion and interferes with legitimate business by the brand owner;

    g. The uses and indexing are commonly used by United States residents, but Defendant uses a proxy registrant outside of the United States, with additional secrecy and anonymity. Indeed, the registrations are all by "proxy" concealing the true identity of the substantive registrant and beneficiary, and the secrecy is for no legitimate reason.

    h. Plaintiff intends in this proceeding or otherwise to determine the concealed beneficiary and principal actors injuring Plaintiff. Plaintiff reserves all rights to damages against the registrars and the owners for conduct which is to aid and abet the process of said brokers, sale and/or auction.

    28. At no time whatsoever, including neither at the time of initial registration, nor at any time of additional registration by renewal, has the Defendant: (i) used or demonstrably prepared to use, the Domain Name or a name corresponding to the Domain Name in connection with a bona fide offering of goods or services; (ii) ever have been commonly known by the Domain Name, nor acquired trademark or service mark rights; and (iii) made a legitimate commercial, noncommercial or fair use of the Domain Name, but only intending for illegal commercial profit, gain and to misleadingly divert consumers or to tarnish the trade mark or service mark at issue as a mechanism to extort such profit and gain from the owner of

the validly subsisting United States Trademark Registration who clearly and incontestably has a legitimate interest in the Domain Name.

29. The Domain Name was registered in bad faith, was intentionally registered by renewal in bad faith, and is continuing to be used in bad faith.

30. Plaintiff acquired common law trademark rights in the United States in the year 1966 and has been using the "WEEDS" brand continuously since 1966, for more than 50 years in intrastate and interstate commerce, acquiring common law rights thereby, and has used the brand in multiple different states within the United States.

31. The Defendant recently registered the respective Domain Name after Plaintiff acquired common law trademark rights, federal trademark rights, and after the date of Plaintiff's United States trademark registration.

32. Defendant is tarnishing Plaintiff's brand and incontestable United States Trademark Registration.

33. Defendant did not acquire, and did not register by renewal, the Domain Name with any bona fide intention of commercial usage, has expressly offered the Domain Name for sale at exorbitant prices, and simply registered the Domain Name for the purpose of extracting a profit payment from Plaintiff in gross without any appurtenant commercial value, which is not permissible under the law of trademarks.

(a) Defendant registered, has acquired, and has registered by renewal, the Domain Name primarily for the purpose of selling, renting, or otherwise transferring the Domain Name registration to the Plaintiff who is the owner of the trade mark or service mark, or to a competitor of the Plaintiff, for valuable consideration in excess of documented out-of-pocket costs directly related to the Domain Name; (b) Defendant has reg-

istered the Domain Name, and has continued to register by renewal to Domain Name, in order to prevent the owner of the trade mark or service mark from reflecting the mark in a corresponding Domain Name; (c) Respondent has registered the Domain Name, and has continued to register by renewal to Domain Name, primarily for the purpose of disrupting the business of a competitor within the context of the Domain Name usage and acquisition, by not holding the Domain Name silently for use or while developing a commercial enterprise with relevant trademark rights, but redirecting visitors to other sites; and/or (d) by using the Domain Name, Defendant has intentionally attempted to attract, for commercial gain, Internet users to another web site or other online location, by creating a likelihood of confusion with the Plaintiff's mark as to the source, sponsorship, affiliation, or endorsement of the web site or location or of a product or service on the web site or location.

(b)   Defendant clearly registered, registered by renewal, and have used the Domain Name in bad faith and with the intent of making commercial gain by unlawful brokering, sale and/or auction, for exorbitant prices, in an extortive manner, and clearly evidenced by "for sale" in gross and not appurtenant to any substantive enterprise.  See Exhibits 5.

34.   As set forth above, Defendant uses layer upon layer of clandestine entities and foreign jurisdictions, as well as a "post office" for address, in a commonly used scheme of "international layering."

a.   GoDaddy, even though a licensed registrar, and for a profit, will keep an owner of a domain name a secret from public transparency, which it does not release except under compulsion of legal process.  The legal process required is for a party claiming injury pays significant filing fees of approximately $1,500 per domain name to, for

example, to WIPO in an administrative action, or to institute legal judicial action.

   b. The purposeful concealment of situs information by foreign Defendant is ostensibly to avoid and otherwise to thwart the ability of the public to locate the Defendant or any of the human actors acting in concert and causing injury, resulting from trademark infringement, unfair competition, or other investigation.

## COUNT I

### DECLARATION OF OWNERSHIP

  35. Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

  36. Plaintiff is entitled to declaration of exclusive ownership of the Mark and all formatives thereof likely to cause confusion

## COUNT II

### VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT ("ACPA") 15 U.S.C. § 1125(D)

  37. Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

  38. As set forth above, Defendant has violated the ACPA and is entitled to the compelled transfer of the Domain Name.

**COUNT III**

**UNFAIR COMPETITION BY INFRINGEMENT OF COMMON LAW RIGHTS**

39. Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

40. Defendant's acts constitute unfair competition and an infringement of Plaintiff's common law rights in the Mark. The acts by Defendant are unfair competition in violation of the common law of the Commonwealth of Pennsylvania.

41. Defendant's acts as alleged herein were committed with the intent to pass off and palm off Defendant's goods as the goods of Plaintiff, and with the intent to deceive and to defraud the public.

**COUNT IV**

**VIOLATION OF LANHAM ACT BY USE OF FALSE DESIGNATION
IN INTERSTATE COMMERCE**

42. Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

43. Defendant's acts are in violation of 15 U.S.C.S. § 1125(a), Lanham Action 43(a), 43(d), Defendant has used in connection with the aforesaid goods and/or services a false designation or origin, by domain name and otherwise, false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship and approval of Defendant's goods, services and commercial activities by Plaintiff.

**COUNT V**

**DILUTION IN VIOLATION OF PENNSLVANIA ANTI-DILUTION STATUTE**

44.     Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

45.     Defendant has made commercial use of the Mark, a designation owned by Plaintiff, in connection with goods and/or services which Defendant has used and transported in United States interstate commerce. Defendant's acts are in violation of 54 PA.C.S. §1124 in that they have caused dilution of the distinctive quality of the Mark, all to the irreparable injury to and damage of Plaintiff within the market.

46.     Defendant's acts have lessened the capacity of the Mark to identify and to distinguish the goods of Plaintiff.  Defendant acts have caused dilution, blurring and tarnishment of the unique association which have heretofore existed between the Mark and goods made and/or services rendered by Plaintiff.

47.     The Mark is a distinctive and famous mark.  The Mark has been used in connection with the goods and services regarding which it appears including on and through the Internet to consumers and those in the trade, are in substantially exclusive use, and are registered, as alleged heretofore.

48.     Defendant committed the acts averred herein willfully and with the intent to cause dilution of the Mark and Plaintiff's rights and reputation.

## COUNT VI

## VIOLATION OF 73 P.S. 201-1

49.     Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

50.     The acts by Defendant are unfair competition and are in violation of 73 P.S. 201-1, et seq.

51.     Such unfair competition is causing Plaintiff damage thereby, and Plaintiff is entitled to statutory treble damages thereby as a result of the intentional actions averred herein.

## COUNT VII

## COMMON LAW TRADEMARK INFRINGEMENT

52.     Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

53.     Defendant is acting in an intentional and wanton manner in order to deceive the public by passing off and are thereby causing confusion in the marketplace as to the origin of the services offered, and Plaintiff is being harmed thereby.

54.     Defendant is in violation of 54 Pa. Pa.C.S.A. 1101, et seq.

## COUNT VIII

## EQUITABLE RELIEF

55.     Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

56. The damages being incurred by Plaintiff, including the public confusion over the origin of goods and services are of a nature that money alone cannot remedy and Plaintiff is being irreparably harmed thereby.

### ALLEGATION OF DAMAGES

57. The damages being incurred by Plaintiff, including the public confusion over the origin of goods and services are of a nature that money alone cannot remedy and Plaintiff is being irreparably harmed thereby.

58. By reason of Defendant acts as alleged herein, Plaintiff has and will suffer damage to its business, reputation and good will and the loss of sales and profits Plaintiff would have made but for Defendant's acts.

59. Defendant threatens to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage. It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. **Injunctive Relief.** 1(a). **Enjoin Defendant.** That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C.A § 1116, enjoining and restraining Defendant, and Defendant's agents, servants and employees from directly or indirectly using the Mark

or any other mark, word or name similar to the Mark which is likely to cause confusion, mistake or to deceive.

That this Court, pursuant to the power granted it under 15 U.S.C.S. § 1118, transfer the Domain Name to Plaintiff, as well as order that all webpages, indices, labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the Mark and all plates and other means of making the same, shall be delivered up to the Court for destruction.

1(b).  **Enjoin Defendant's Agents, Advertisers, Rellers, etc**.  That this Court grant an injunction enjoining and restraining Defendant and its domain registrars, social media sites, index engines, web hosts, agents, advertisers, distributors, resellers, servants and employees from (1) directly or indirectly using the Mark or any other mark, word or name similar to the Mark which are likely to cause confusion and (2) continuing any and all acts of unfair competition as herein alleged.

1(c).  **Specific Performance**.  That this Court order that Defendant notify all advertisers, agents, internet service providers and other contributing in the infringement to cease and desist contributing to the infringement, including but not limited to causing the re-indexing of all search engines on the Internet, as well as transferring the Domain Name bearing the Mark to Plaintiff.

2.  **Declaration**.  Declare that Plaintiff has and shall have the exclusive and continued right to continue to use the Mark, including formatives thereof.

3.  **Accounting**.  That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of

its goods and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein.

    4.   **All Permissible Damages.**  4(a)  **Compensatory Damages.** That the Court award Plaintiff compensatory damages in an amount to be proven at trial;

    4(b)  **Statutory Damages.**  That this Court award Plaintiff statutory damages, pursuant to Federal and Pennsylvania law to the fullest extent provided by the respective statutes averred herein;

    4(c)  **Treble Damages.**  That this Court award Plaintiff TREBLE the amount of actual damages suffered by Plaintiff, pursuant to the statutes providing for such treble damages as averred herein.

    4(d)  **Punitive and Exemplary Damages.**  That this Court award punitive and exemplary damages against Defendant and in favor of Plaintiff in a sum to be determined at trial by reason of Defendant's fraud and palming off.

    5.   **Cost of Litigation.**  That this Court award Plaintiff the costs of this action.

    6.   **Attorneys' Fees.**  That this Court award Plaintiff all of its attorney fees.

    7.   **Additional Damages.**  Furthermore, that this Court grant such other and further relief as it shall deem to be just and proper.

Dated: November 22, 2017

        /s/Gregg Zegarelli/
        Gregg R. Zegarelli, Esq.
        Counsel for Plaintiff
        PA I.D. #52717

        Z E G A R E L L I
        Technology & Entrepreneurial
          Ventures Law Group, P.C.
        2585 Washington Road, Suite 134
        Summerfield Commons Office Park
        Pittsburgh, PA  15241
        412.833.0600