IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEEDS, INC., | ) |
| Plaintiff, | ) Civil Action No. 17-1533 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) ECF No. 6 |
| INNOVATION HQ, INC., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This trademark infringement and cybersquatting matter comes before the Court on "Plaintiff's Combined Response to Order to Show Cause and Motion for *Ex Parte* Leave to Conduct Limited Pre-Service of Process Discovery." ECF No. 6. Plaintiff has filed the pending motion in response to an Order issued by this Court on February 27, 2018, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The Order required Plaintiff to show cause why this matter should not be dismissed due to Plaintiff's failure to timely serve Defendant. ECF No. 5.

Plaintiff's response indicates that Rule 4(m) does not apply to this matter because Defendant Innovation HQ, Inc. is "a corporation of St. John, Virgin Islands." ECF No. 6 ¶ 2. Plaintiff contends that "[a]lthough the Virgin Islands are part of the Third Circuit, 28 U.S.C.A., Chapter 5 does not include St. John as a judicial district of the United States for purposes of Fed. R. Civ. P. 4(h)(2)." Id. ¶ 4. In addition, Plaintiff states that Defendant is "wholly 'virtual'" and a physical address for the corporation has not been located for purposes of physical delivery of services of process. Id. Accordingly, Plaintiff seeks leave of Court to serve discovery upon

1

certain non-parties whom Plaintiff believes will be able to provide additional information regarding Defendant's location for purposes of service of process.

It is clear that to the extent Plaintiff asserts that Defendant is located in St. John, Virgin Islands (U.S.A.), the Federal Rules of Civil Procedure, including Rule 4(m) apply. See, e.g., Allahar v. Clinical Laboratory Inc., 2012 WL 833336 (March 13, 2012) (recognizing applicability of Federal Rules of Civil Procedure for purposes of service of process in the United States Virgin Islands). Rule 4(h) provides that unless federal law states otherwise, or the defendant's waiver of service has been filed, a domestic or foreign corporation must be served in accordance with the state law in the state where service is made. Fed. R. Civ. P. 4(h)(1)(A) and 4(e)1. Pursuant to Rule 27 of the Rules of the Superior Court of the Virgin Island, summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure. Super. Ct. R. 27(b). In this instance, timely service would thus be required in the manner set forth in Rules 4(e) or 4(h) of the Federal Rules of Civil Procedure.

However, it appears that Plaintiff intends to file suit against a corporation located in St. Johns, Antigua and Barbuda. If this is the case, then the applicable rules governing service in a foreign country are set forth in rule 4(f) of the Federal Rules of Civil Procedure, and Plaintiff must resort to either an internationally recognized means of service or, where not applicable, the rules prescribed by Antigua and Barbuda. Fed. R. Civ. P. 4(f)(1)-(3).

Plaintiff indicates that in either case, it has been unable to locate a physical address for Defendant or an agent authorized by appointment or by law to receive service of process on its behalf. Accordingly, Plaintiff seeks leave of Court to conduct limited discovery upon non-parties that appear tangentially related to Defendant through its former counsel, Zak Muscovitch, Esq., or to have transacted business with Defendant directly ECF No. 6 at 3. Plaintiff states that

Mr. Muscovitch does not appear to be admitted to practice law in the United States, and advertises that he is located in Canada. Id. at 3 n.4. Because "subpoena processes into Canada are more expensive" than serving process upon the identified United States entities,[1] Plaintiff asks this Court to enter an Order for sweeping discovery into all documents that may reference Defendant's name, or relating to *any* transaction with Defendant, and/or the identity and location of "anyone reasonably believed to be an authorized agent, owner, officer, principal, representative or employee related to the persons (or entities) involved in the transactions related to the things produced." See e.g., ECF No. 6-5 at 6.

The breadth of this request is unwarranted given the limited information required; *i.e.*, the address and/or name of "anyone reasonably believed to be an authorized agent, owner, officer, principal, representative or employee related to" Innovation HQ, Inc.

Accordingly, in the interest of justice and pursuant to the Court's discretion under Rules 4(m) and 26 of the Federal Rules of Civil Procedure, Plaintiff is granted forty-five (45) days within which to complete discovery directed to the identified entities, limited solely to the production of documents or information as to "the address and/or name of anyone reasonably believed to be an authorized agent, owner, officer, principal, representative, or employee of Innovation HQ, Inc." Thereafter, Plaintiff is granted thirty (30) days to effectuate service of process upon Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. No further extensions will be granted. An appropriate Order follows:

---

[1] Plaintiff seeks leave to propound discovery upon GoDaddy.com, its domain affiliate "Domains by Proxy" and Escrow.com, which are identified as potentially facilitating Defendant's acquisition and sale of domain names.

3

AND NOW, this 15th day of March, 2018, upon consideration of Plaintiff's Combined Response to Order to Show Cause and Motion for *Ex Parte* Leave to Conduct Limited Pre-Service of Process Discovery, IT IS HEREBY ORDERED that Plaintiff is granted forty-five (45) days to conduct discovery limited to requests for documents or information limited solely to the production of documents or information as to "the address and/or name of anyone reasonably believed to be an authorized agent, owner, officer, principal, representative, or employee of Innovation HQ, Inc."

IT IS FURTHER ORDERED that upon the completion of forty-five (45) days, Plaintiff is granted thirty (30) days to effectuate service of process upon Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. No further extensions will be granted.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF