IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEEDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-01533-MPK |
| | ) |
| INNOVATION HQ, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND COUNTERCLAIMS

AND NOW comes Defendant Innovation HQ, Inc. and, for its Answer and Counterclaims to the Complaint of Plaintiff Weeds, Inc., states as follows:

1. Defendant admits that Plaintiff is the record owner of U.S. Trademark Registration No. 3,308,883. Defendant lacks knowledge or information sufficient to form a belief whether the remaining allegations of Paragraph 1 of the Complaint are true.

2. Defendant admits sections (i) - (v) of paragraph 2 of the Complaint. As to section (vi), Defendant admits that GoDaddy provides a proxy registration service under which the registrant of a domain name is identified upon notice of a dispute and that Defendant was identified as the registrant of the domain name in the ordinary course of operation of that service. As to section (vii), Defendant admits to its mailing address but lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "off-shore".

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 4 of the Complaint as to how Plaintiff conducts business and admits that this action purports to be for the identified causes of action.

5. Defendant admits that Plaintiff is the record owner of the identified trademark registration.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 5 of the Complaint.

6. Defendant denies the allegation of Paragraph 6 of the Complaint as to Defendant's bona fide or legitimate interests in the domain name.  Defendant denies that authority or permission of Plaintiff is required to use the domain name, and Defendant further denies that Plaintiff has legal rights under common law or by statute in the alleged mark.

7. Defendant admits the allegations of Paragraph 7 of the Complaint as to subject matter jurisdiction.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint does not require an answer.

11. Because Paragraph 11 of the Complaint is grammatically nonsensical and not capable of denial or admission, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

12. Defendant admits that Plaintiff is the record owner of the identified trademark registration. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states a legal conclusion. To the extent that any fact is alleged in Paragraph 13, it is denied.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Plaintiff lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 15 of the Complaint.

16. Defendant admits that GoDaddy is a domain name registrar accredited by ICANN. Defendant denies that GoDaddy is a fiduciary. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant is without sufficient knowledge or information to form a belief as to what Plaintiff believes. To the extent that any facts are alleged in Paragraph 21 of the Complaint, they are denied.

22. Defendant denies that any ICANN required information is or has been omitted from the registration data for the domain name. Defendant denies that

ICANN requires a human being to be identified as any contact for a domain name. The remaining allegations of Paragraph 22 of the Complaint are denied.

23. Defendant admits it solicits business in the United States. The remaining allegations of Paragraph 23 of the Complaint are denied.

24. Defendant admits that Plaintiff asserts the things it claims to assert in Paragraph 24. The remaining allegations of Paragraph 24 of the Complaint are denied.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant admits it has offered the domain name for sale. Defendant denies the remaining allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

## Count I

35. Defendant incorporates its answers to Paragraphs 1 through 34 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

## Count II

37.  Defendant incorporates its answers to Paragraphs 1 through 36 of the Complaint.

38.  Defendant denies the allegations of Paragraph 38 of the Complaint.

## Count III

39.  Defendant incorporates its answers to Paragraphs 1 through 38 of the Complaint.

40.  Defendant denies the allegations of Paragraph 40 of the Complaint.

41.  Defendant denies the allegations of Paragraph 41 of the Complaint.

## Count IV

42. Defendant incorporates its answers to Paragraphs 1 through 41 of the Complaint.

43.  Defendant denies the allegations of Paragraph 43 of the Complaint.

## Count V

44.  Defendant incorporates its answers to Paragraphs 1 through 43 of the Complaint.

45.  Defendant denies the allegations of Paragraph 45 of the Complaint.

46.  Defendant denies the allegations of Paragraph 46 of the Complaint.

47.  Defendant denies the allegations of Paragraph 47 of the Complaint.

48.  Defendant denies the allegations of Paragraph 48 of the Complaint.

## Count VI

49. Defendant incorporates its answers to Paragraphs 1 through 48 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

## Count VII

52. Defendant incorporates its answers to Paragraphs 1 through 51 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

## Count VIII

55. Defendant incorporates its answers to Paragraphs 1 through 54 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

WHEREFORE Innovation HQ respectfully requests that this Court enter judgment in its favor and against Weeds, Inc. and award Innovation HQ its damages, the costs of this action and such other relief as this Court deems to be appropriate.

## ADDITIONAL DEFENSES

60. Defendant is a duly incorporated entity of Antigua and Barbuda.

61. Defendant has registered and used the domain name <weeds.com> since as early as December 21, 2001 for purposes of providing information about weeds and for purposes of advertising products and services relating to weeds.

62. Defendant's continuous registration and use of the domain name <weeds.com> for over 16 years is senior to any claim of trade or service mark rights Plaintiff has ever made in the word "weeds" per se.

60. Plaintiff's claims against Defendant are barred by the Doctrine of Laches.

61. Plaintiff's claims against Defendant are barred by the Doctrine of Unclean Hands.

62. Plaintiff's claims are barred by Plaintiff's acquiescence in Defendant's use of the domain name <weeds.com> by Defendant for over 16 years.

63. Plaintiff's claims are barred by the invalidity of the federal registration on which Plaintiff relies.

64. Plaintiff's state-law claims are barred by the generic character of Plaintiff's claimed mark.

65. Defendant's registration and use of the domain name <weeds.com> is senior to Plaintiff's claim of rights in "WEEDS" as a trade or service mark.

66. Defendant's registration of the domain name <weeds.com> is senior to any claim by Plaintiff in "WEEDS" as a distinctive trade or service mark.

WHEREFORE Innovation HQ respectfully requests that this Court enter judgment in its favor and against Weeds, Inc. and award Innovation HQ its attorney's fees, the costs of this action and such other relief as this Court deems to be appropriate.

<u>**COUNTERCLAIMS**</u>

The following allegations are common to all Counterclaims:

67.     The word "weed" is both a noun and a verb.  As a verb, "to weed", the word is generic to the action of removing weeds.

68.     The word "weeds" is the third person present tense conjugation of "to weed" and is generic to the action of weeding.  Plaintiff alleges that it weeds the premises of its customers.

69.     "Incontestability" under the Lanham Act does not render a registered mark immune to a determination that it is invalid on grounds of being generic or on grounds that the mark was registered by fraud on the United States Patent and Trademark Office.

70.     On or about 1 May 2002, Plaintiff filed U.S. Trademark Application No. 78125465 ("the '465' application) for a figurative logo bearing the textual elements "W WEEDS INC."

71.     In an Official Action dated 24 September 2002, the United States Patent and Trademark Office (USPTO) refused Plaintiff's application, stating inter alia, "The applicant must insert a disclaimer of 'WEEDS' and 'INC.' in the application because the wording is merely descriptive of the goods/services."

72. Plaintiff acquiesced in this finding of the USPTO and disclaimed the word "WEEDS" from its application.

73. Plaintiff made no claim in the '465 application that the terms "WEEDS" was distinctive of Plaintiff.

74. Plaintiff's '465 application issued as U.S. Trademark Registration No. 2819572 on 2 March 2004, bearing the disclaimer, "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WEEDS" and "INC." APART FROM THE MARK AS SHOWN."

75. Plaintiff's U.S. Trademark Registration No. 2819572 and the public notice therein of Plaintiff's disclaimer of rights in the word "weeds" apart from the logo therein were issued more than two years after Defendant had initially registered and begun using the <weeds.com> domain name for the purpose of providing information and advertising relating to weeds.

76. At the time Defendant registered the domain name, Plaintiff's claimed mark was not distinctive.

77. On 19 September 2005, Plaintiff filed U.S. TM App. Ser. No. 78715892 ("the '892 Application") to register the word "WEEDS" as a mark for "Vegetative and weed control services" on an intent-to-use basis.

78. The '892 Application, claiming an intent to use "WEEDS" as a mark in the future, was filed by Plaintiff more than four years junior to Defendant's registration of the <weeds.com> domain name.

79. During prosecution of the '892 Application, the USPTO again refused to register "WEEDS" as a mark for a business which weeds its customer's premises.

80. In response to the USPTO's refusal of the '892 Application, Plaintiff made two arguments in order to induce allowance of the application by the USPTO.

81. The first argument advanced by Plaintiff was to claim that this Court had found "WEEDS" to be a distinctive mark of Plaintiff. Plaintiff submitted no such judgment, decision, declaration or opinion of this Court to the USPTO.

82. Instead of providing what Plaintiff claimed to be a decision of this Court in support of its first argument, Plaintiff instead provided a mere docket listing of a case styled *Weeds, Inc. v. Weeds No More, Inc., et al.*, 2:02-cv-00288-DWA filed in this Court in 2002 (the "*Weeds No More* Case"), and which was co-pending with Plaintiff's '465 Application.

83. The *Weeds No More* Case, referenced by Plaintiff in the '892 application, involved a number of claims against a competitor in the weed control business and was not solely premised on a claim of distinctiveness of "WEEDS" as a trade or service mark.

84. Plaintiff misled the USPTO by deliberately omitting to provide any judgment of this Court finding "WEEDS" to be a distinctive mark, and instead argued to the USPTO that :

> In that case, Applicant sued defendant for trademark infringement. Defendant filed a motion to dismiss, and Plaintiff's position was that its mark is suggestive. The Examining Attorney can review the docket in the early stages regarding the plethora of motions by Defendants relating to motions to dismiss.

> Initially, the Western District initially ruled in favor of Defendant. See Docket #21. Applicant timely objected arguing the mark was suggestive and the case should not be dismissed. See Docket #22. Ultimately, the Western District agreed with Applicant and Defendants' 12(b)(6) motion was denied. See Docket #36.

85. Denial of the defendant's motion to dismiss in the *Weeds No More* Case was not an affirmative judgment on the merits of Plaintiff's claims. It was merely a decision that Plaintiff had sufficient pleaded its claims.

86. Plaintiff deliberately mischaracterized this Court's denial of a 12(b)(6) motion in the Weeds No More case in order to induce allowance of the '892 application.

87. Moreover, the docket entry in the *Weeds No More* Case to which Plaintiff directed the USPTO in the '892 application, Docket #36, did not even actually deny a motion to dismiss. Instead it is a Report and Recommendation by the Honorable Ila J. Sensenich, Magistrate Judge of this Court, submitted on 25 August 2003.

88. Subsequent to the docket references made by Plaintiff in the '892 application, the earlier '465 application remained pending and subject to amendment by Plaintiff, and yet Plaintiff did not traverse the finding of descriptiveness by the USPTO in that co-pending application by likewise claiming that this Court had found "WEEDS" to be a distinctive mark of Plaintiff. Instead, Plaintiff allowed the '465 application to go to allowance with the disclaimer of rights in "WEEDS" per se as a mark. Plaintiff did so because Plaintiff was, and is, fully aware that this Court's denial of the 12(b)(6) motion in that litigation did not

11

amount to a decision of this Court that "WEEDS" was or is a distinctive mark for weed control services.

89.   Plaintiff's second argument for allowance of the '892 application was that the word "weeds" is not descriptive of a weed service, because the noun "weed" refers to an unwanted plant and not to a service for removing them.  Plaintiff's second argument was crafted to mislead the USPTO by avoiding mention of the fact that "weed" is also a verb, such that someone who "weeds" a lawn, garden, or other premises is engaged in the service of weed control.

90.   In the '892 Application, Plaintiff further claimed a date of "first use" of "WEEDS" as a mark of 3 August 2007, which is more than five years after Defendant's registration of the domain name <weeds.com> in 2001.

91.   In reliance on Plaintiff's misleading and false assertions, the USPTO issued Plaintiff's U.S. Trademark Registration No. 3308883 on 9 October 2007, which is also more than five years after Defendant's registration of the domain name <weeds.com> in 2001.

### Count I - Cancellation

92.   The allegations of Paragraphs 67 through 91 of these Counterclaims are incorporated by reference herein.

93.   Plaintiff committed fraud on the USPTO in order to induce allowance of the '892 application, and thus Plaintiff's U.S. Trademark Registration No. 3308883 should be cancelled.

94. Plaintiff's alleged mark is generic Plaintiff's U.S. Trademark Registration No. 3308883 should be cancelled.

### Count II - Reverse Domain Hi-Jacking

95. The allegations of Paragraphs 67 through 94 of these Counterclaims are incorporated by reference herein.

96. In order to administer disputes which may arise between a trademark claimant and a registrant of a .com domain name, the accrediting body of domain name registrars (the Internet Corporation for Assigned Names and Numbers or "ICANN"), requires registrars, such as GoDaddy in this instance, to implement decisions rendered under an administrative policy called the "Uniform Domain-Name Resolution Policy" or UDRP.

97. In August 2017, despite Defendant's registration and use of the domain name since 2001 and long prior to any trademark registration by Plaintiff, any application for registration by Plaintiff, or any claim of distinctiveness or rights in "WEEDS" by Plaintiff, Plaintiff filed a complaint under the UDRP against Defendant's registration and use of the <weeds.com> domain name with the World Intellectual Property Organization (WIPO), which is authorized by ICANN to adjudicate claims under the UDRP.

98. WIPO assigned a three-member panel of experts (the "WIPO Panel") to adjudicate the UDRP dispute.

99. By written decision of November 23, 2018, the WIPO Panel unanimously rejected all of Plaintiff's claims and instead determined that Plaintiff

13

was attempting Reverse Domain Name Hijacking.  A copy of that panel's decision is attached to this pleading as Exhibit A.

100. In relation to the word "weed" the WIPO Panel appointed by WIPO stated, "As a verb, it means, 'remove unwanted plants from (an area of ground)'. See English Oxford Living Dictionaries at 'www.oxforddictionaries.com/definition/weed' (visited on November 16, 2017)."

101. The WIPO Panel additionally found:

> First, it appears that Respondent registered the disputed domain name on November 12, 2004 at the latest, before Complainant filed, on September 19, 2005, its application for its WEEDS mark Reg. No. 3,308,883, which registered on October 9, 2007. The Panel notes that absent special circumstances or scenarios, this timeline does not suggest registration in bad faith. [...]
>
> In this regard, the Panel notes that – as mentioned by Respondent – Complainant also owns a United States trademark registration for W WEEDS INC., Reg. No. 2,819,572, Reg. Date March 2, 2004, filed on May 1, 2002, and claiming December 21, 2000 as date of first use / first use in commerce. In particular, the Panel also notes that in this mark the term "weeds" is disclaimed.
>
> [...]
>
> In sum, the Panel concludes that Complainant failed to establish that the disputed domain name was registered and is being used in bad faith.

102. The WIPO Panel rejected Plaintiff's UDRP Complaint.

103. The WIPO Panel additionally found Plaintiff's UDRP Complaint to be an abuse of process and reverse domain hi-jacking on the part of the Complainant, stating:

> The Panel notes that Complainant is represented by IP counsel. Thus is [sic] should have been quite clear from the outset that Respondent had registered a domain name consisting of a common, descriptive, dictionary word, before Complainant filed its application for the WEEDS mark.
>
> In addition, it is well established that invoking a common law mark – as did Complainant – requires providing the Panel with concrete evidence of secondary meaning / acquired distinctiveness, which Complainant failed to submit.
>
> Lastly, while Complainant contended that Respondent registered the disputed domain name primarily to sell it to Complainant, it made no mention of the fact that it was Complainant's Vice-President who had first contacted Respondent to make an inquiry about the purchase of the disputed domain name.
>
> For these reasons, the Panel finds that the Complaint is an attempt at Reverse Domain Name Hijacking.

104. The UDRP does not itself provide for monetary damages, as WIPO does not have a mechanism for enforcing such awards. However, 15 U.S.C. § 1114(2)(D)(iv) provides:

> (iv) If a registrar, registry, or other registration authority takes an action described under clause (ii) based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorney's fees, incurred by the domain name registrant as a result of such action.

105. Upon Plaintiff's filing of the UDRP complaint, which the WIPO Panel found to be abusive, the registrar locked the domain name and thus disabled Defendant's ability to control the domain name registration information.

106. Prior to Plaintiff's filing of the UDRP complaint, which the WIPO Panel found to be abusive, Defendant had contracted with GoDaddy to maintain the registration under GoDaddy's "Domains By Proxy" privacy service. Such services are ordinarily provided by domain registrars in the ordinary course of business to registrants who prefer not to receive spam or other abusive email at a publicly displayed email address. In the ordinary course of domain registration procedures, when a UDRP complaint is filed, the registrar discontinues the privacy service and provides the underlying contact information of the domain registrant.

107. Pursuant to Plaintiff's filing of the UDRP complaint, which the WIPO Panel found to be abusive, GoDaddy duly and properly removed the privacy service from the domain name and displayed Defendant's complete and accurate contact information through which Plaintiff was indeed able to serve process in this Proceeding. At no time has Defendant provided false contact information to the registrar in connection with Defendant's longstanding registration and use of the domain name.

108. Defendant incurred substantial expense in defending against Plaintiff's frivolous and abusive UDRP complaint and is thus entitled to an award of damages under 15 U.S.C. § 1114(2)(D)(iv).

## Count III - Tortious Interference

109. The allegations of Paragraphs 67 through 108 of these Counterclaims are incorporated by reference herein.

110.  Prior to the filing of its frivolous and abusive UDRP complaint, Plaintiff was aware that Defendant had contracted for domain registration and proxy registration services with the registrar GoDaddy.  Plaintiff was further aware that filing its UDRP complaint would cause GoDaddy to impair Defendant's receipt of services under the registration agreement with GoDaddy.

111.  In its decision, the WIPO Panel additionally found that Plaintiff knew or should have known its UDRP filing was devoid of merit and abusive, stating:

> The Panel notes that Complainant is represented by IP counsel. Thus is should have been quite clear from the outset that Respondent had registered a domain name consisting of a common, descriptive, dictionary word, before Complainant filed its application for the WEEDS mark.

112.  Plaintiff nonetheless proceeded with its meritless UDRP complaint, further knowing that such action would substantial impair Defendant's receipt of registration and proxy services under the relevant registration contract with GoDaddy.

113.  Defendant has incurred substantial harm as a consequence of Plaintiff's knowing and bad faith interference with Defendant's receipt of services under Defendant's contract with GoDaddy.

## PRAYER FOR RELIEF

Wherefore, Defendant prays that this Court enter judgment in its favor and against Plaintiff and grant relief to Defendant as follows:

1. That this Court dismiss Plaintiff's Complaint;

2. That this Court cancel Plaintiff's U.S. Trademark Reg. No. 3308883;

3. That this Court award Defendant its costs and fees under 15 U.S.C. § 1114(2)(D)(iv).

4. That this Court award Defendant statutory damages in the amount of $100,000 under 15 U.S.C. § 1117(D).

5. That this Court award such other relief to Defendant as the Court finds to be just.

                                          Respectfully submitted,

Dated: July 30, 2018            */s/ Stuart C. Gaul, Jr.*
                                          Stuart C. Gaul, Jr.
                                          Pa I.D. No. 74529
                                          GAUL LEGAL, LLC
                                          100 Ross Street, Suite 510
                                          Pittsburgh, PA 15219
                                          Telephone: 412-261-5100
                                          Facsimile: 412-261-5101
                                          stuart.gaul@gaul-legal.com

                                          Counsel for Innovation HQ, Inc.


                                          *Of Counsel (to apply separately for admission pro hac vice):*

                                          John Berryhill, Ph.D.
                                          204 East Chester Pike
                                          First Floor, Suite 3
                                          Ridley Park, PA 19078
                                          +1.610.565.5601 voice/fax
                                          john@johnberryhill.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Answer was served upon the following via this Court's ECF system, on this 30th day of July, 2018:

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial Ventures Law Group
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565
(Counsel for Weeds, Inc.)

/s/ Stuart C. Gaul, Jr.